## Commonwealth v. Saxman.

*Chiropractic—State license—Act of June 3, 1911.*

1. The practice of chiropractic is within the terms of the Act of June 3, 1911, P. L. 639, requiring a license from the State Bureau of Medical Education and Licensure.

2. The word "wilfully," used in the act in reference to the violation of its terms, means knowingly and intentionally and without reasonable excuse. It is presumed that all citizens know the law, and a violation of it is presumed to have been committed knowingly and wilfully, and the burden is on the defendant to prove otherwise.

Indictment for practicing medicine without a license under the Act of June 3, 1911. Rule for a new trial. Q. S. Lancaster Co.

*John E. Malone* and *Frank E. Winter*, for rule.

*Oliver S. Schaeffer* and *William C. Rehm*, District Attorney, contra.

HASSLER, J., April 8, 1922.—The defendants were charged in separate indictments and convicted of violations of the Act of June 3, 1911, P. L. 639, which forbids the practice of medicine and surgery without first having obtained a certificate of licensure from the State Board of Medical Education and Licensure. The testimony showed that the defendants practiced that branch of surgery, or, as they described it, drugless therapy, known as chiropractic, without having first obtained a certificate of licensure as required by the act.

The first five reasons for a new trial raise questions of the sufficiency of the indictment, and whether the defendants, in the practice of chiropractic, violated the act of assembly under which they were indicted. These questions have been passed upon and decided against the defendant's contention by the Superior Court in the case of Com. *v.* Byrd, 64 Pa. Superior Ct. 108. In that case the indictment was drawn under section 1 of the Act of June 3, 1911, P. L. 639, and not under section 6, as the defendants contend should have been done. The practice of surgery, of which the defendant in that case was convicted, is exactly the same as that with which these defendants are charged with having been engaged in, and the Superior Court held that conviction was proper.

The remaining reason for new trials is that we erred in not affirming defendant's point to the effect that the jury must not only find that the defendants violated the provision of the act, but that they did so wilfully, that is, knowingly and intentionally, without any reasonable excuse on their part.

The act provides that "on the first offence, any person *wilfully* violating the provisions of this act shall, upon conviction, be deemed guilty of a misdemeanor, &c."

The interpretation placed upon the word "wilfully" in the point is, in our opinion, correct; that is, that it means knowingly and intentionally and without a reasonable excuse; but we do not think that the defendants were entitled to its affirmance, because no question of the wilfulness of the violation of the act of assembly was raised. It is presumed that all citizens know the law, as ignorance of it does not excuse any one. A violation of law is, therefore, presumed to have been done knowingly and intentionally and without reasonable excuse. The testimony at the trial of this case showed that the defendants wilfully, that is, intentionally and knowingly and without a reasonable excuse, engaged in the practice of medicine and surgery, as defined by the act, without first having obtained a certificate of licensure, and this was not con-

2 D. & C.

tradicted. It clearly showed that the defendants knew the law and intended to violate it, and they did not deny it. The presumption is that this violation of law was intentional, and, therefore, wilful, and the burden, therefore, was upon the defendants to prove that it was not. This they made no attempt to do. We are of the opinion, therefore, that we were justified in refusing the point, and saying to the jury that if they believed the testimony on the part of the Commonwealth, their verdict should be one of guilty.

The rule for a new trial is discharged.

From George Ross Eshleman, Lancaster, Pa.